**Mario Maglaque SISON, et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76726.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Pasadena, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Edward J. Duffy, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Mario Maglaque Sison and Vivian Monique Sison, husband and wife, seek review

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We deny petitioners claim that the hardship standard and jurisdictional provisions deprive them of due process. *See Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003) ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.")

To the extent petitioners contend that the BIA failed to consider the evidence they submitted with their motion to augment the record, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**